Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Division

|  |  |
|---|---|
| Lisa Fenn | Case: 1:21-cv-00748 JURY DEMAND<br>) Assigned To : Cooper, Christopher R.<br>) Assign. Date : 3/15/2021<br>) Description: Employ. Discrim. (H-DECK) |

Lisa Fenn

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Alejandro Mayorkas
Merrick Garland
Channing D. Phillips

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lisa Fenn |
| Street Address | 5686 Fulton Indstrl Blvd#43312 |
| City and County | Atlanta Fulton |
| State and Zip Code | GA 30336 |
| Telephone Number | 678-488-5076 |
| E-mail Address | lfenn122@comcast.net |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Alejandro Mayorkas |
| Job or Title *(if known)* | Secretary |
| Street Address | U.S. Department of Homeland Security |
| City and County | Washington, DC |
| State and Zip Code | Washington, DC 20528 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Merrick Garland |
| Job or Title *(if known)* | US Attorney General |
| Street Address | 950 Pennsylvania Ave. NW |
| City and County | Washington, DC |
| State and Zip Code | Washington, DC 20530 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Channing D. Phillips |
| Job or Title *(if known)* | Acting U.S. Attorney for the District of Columbia |
| Street Address | 555 Fourth Street, NW |
| City and County | Washington, DC |
| State and Zip Code | Washington, DC 20530 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | U.S. Citizenship and Immigration Services, Agency |
| Street Address | 633 Third Street, NW |
| City and County | Washington, DC |
| State and Zip Code | 20529 |
| Telephone Number | |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

November 10, 2014 -- February 4, 2015

C.    I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race            African-American
- ☒ color           Dark-skinned
- ☒ gender/sex      Female
- ☐ religion        _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*
  _____

E.    The facts of my case are as follows. Attach additional pages if needed.

In a November 10, 2014 meeting with serveral of my coworkers, a conflict arose between me--an African-American female--and a white co-worker. I percieved that she was attempting to assert herself racially superior to me. I perceived her behavior and comments to be racially stereotypical and hostile. I resisted her hostilities by asking her to explain her comments. She became more rude, authoraitative, angry and condescending. The meeting abruptly ended. I immediately reported the incident to our supervisor. I told him that I did not feel safe and requested he facilitate a follow-up discussion between us. The supervisor emailed a Labor Relations official for advice. His email concluded, "I feel race and personalities are going to disrupt the ability to get work done." The supervisor never held a follow-up discussion and over the next two months a series of racially charged interactions continued. On Feb. 4th, 2015, I was terminated. The termination letter states I was terminated because, in reporting perceived discrimination, I "displayed uncooperative and disrecpectful behavior toward my supervisors and staff."

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

05/19/2015

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*    12/15/2020    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I belive that my termination was in retailiation for reporting perceived discrimination. The following relief would correct the unlawful termination and unlawful practice of retailiation:
1. All attorney/legal costs - $200,000.00
2. Lost compensation from February 4, 2015 @ GS-14 rate of $107,325 X 7 years - $751,275.00
3. Loss of benefits (pension contributions, vacation, sick, etc.) estimated at $175,000.00
4. Costs to cover losses and emotional consequences of those losses (career, house, etc.) - $300,000.00
5. Compensatory damages (relocation to DC from GA, signed a 1-year lease, utilities - $32,000.00
   Total: $1,458,275.00

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        3/13/2021

Signature of Plaintiff

Printed Name of Plaintiff    Lisa Fenn

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

| | |
|---|---|
| **Name of Law Firm** | _____ |
| **Street Address** | _____ |
| **State and Zip Code** | _____ |
| **Telephone Number** | _____ |
| **E-mail Address** | _____ |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**


Lisa Fenn, a/k/a
Beatrice B.,[1]
Complainant,

v.

Chad F. Wolf,
Acting Secretary,
Department of Homeland Security
(Citizenship and Immigration Services),
Agency.

Request No. 2020005100

Appeal No. 2019000364

Hearing No. 570-2016-00385X

Agency No. HS-CIS-23585-2015

## DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 2019000364 (July 28, 2020). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

During the period at issue, Complainant was employed as a Management and Program Analyst, GS-14 at the Agency's Office of Human Capital and Training in Washington, D.C. On May 19, 2015, Complainant filed a formal complaint alleging that she had been subjected to discriminatory harassment based on race (African-American), sex (female), color (dark) age (51) and in reprisal for prior EEO activity when she was spoken to in a demeaning and hostile manner, when she was snubbed, denied support, had false allegations made against her and was ultimately terminated

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                    2020005100

from her Agency position. Following an investigation into Complainant's formal complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing. The AJ held a hearing and subsequently issued a decision in favor of the Agency. The Agency issued a final order adopting the AJ's finding that Complainant did not prove her claims of discrimination.

Complainant filed an appeal with the Commission. In the initial decision, the Commission affirmed the Agency's final order implementing the AJ's decision finding no discrimination. EEOC Appeal No. 2019000364. Complainant filed the instant request for reconsideration.

Upon review, we find that the prior decision properly found that there is substantial evidence in the record to support the AJ's finding of no discrimination. In his decision, the AJ determined that the Agency's witnesses provided credible testimony at the hearing, while some of Complainant's testimony was implausible or not supported by the record. In her reconsideration request, Complainant essentially raises arguments that she previously raised below and that were considered in the prior appellate decision. We remind Complainant that a request for reconsideration is not a second appeal to the Commission. See EEO MD-110, Ch. 9, § VII.A. Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 2019000364 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs.

3                                                    2020005100

Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


December 15, 2020
Date

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **COMPLAINT, SUMMONS, AND CIVIL COVER SHEET** was served by first-class mail, postage prepaid, on the 13th day of March 2021, upon:

Alejandro Mayorkas
Secretary
U.S. Department of Homeland Security
Washington, DC 20528

Merrick Garland
U.S. Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530

Channing D. Phillips
Acting U.S. Attorney for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530

Lisa Fenn